Rosa, Demandante y Apelante, *v.* The New York and Porto Rico Steamship Company, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Mayagüez en causa sobre indemnización de daños y perjuicios ocasionados por negligencia.

No. 1377.—Resuelto en marzo 23, 1916.

Daños y Perjuicios—Caída a la Bodega de un Barco—Testigos—Credibilidad de los Testigos.—El mero hecho de que el único testigo presentado por un demandado en una acción sobre indemnización de daños y perjuicios ocasionados por la caída del demandante de uno de los barcos de la demandada, por una de sus escotillas, en momentos en que el demandante estaba trabajando como empleado, fuera el encargado de conservar en buen estado los cuarteles y galeotas de dicha escotilla, no lleva a la conclusión de que necesariamente tenía que mentir y que hubiera de prescindirse de su declaración.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Janer Landrón.*

Abogado de la apelada: *Sr. Charles Hartzell.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante Augusto Rosa, basándose claramente en el No. 1º. de la ley de 1º. de marzo de 1902 sobre responsabilidad de los patronos, por los accidentes que sus empleados sufran en su servicio, demandó a "The New York and Porto Rico Steamship Company" para que le pagase cierta cantidad de dinero como indemnización por los daños y perjuicios que sufrió al caerse a la bodega de uno de sus barcos por una de sus escotillas en momentos en que estaba trabajando como empleado suyo usando del debido celo y circunspección y sin negligencia de su parte, accidente que según la demanda se debió a la negligencia de la demandada por tener inseguros y gastados los cuarteles y galeotas de dicha escotilla y no haber remediado dicho defecto a pesar de que oportunamente tuvo conocimiento positivo de él.

Celebrado el juicio la corte inferior dictó sentencia declarando sin lugar la demanda fundándose en que la evidencia demostró que los cuarteles y las galeotas estaban en buenas

condiciones, y el solo motivo que alega el apelante en este recurso para que revoquemos la sentencia es que la corte inferior no debió dar crédito al único testigo que tal cosa declaró porque su declaración es ambigua, contraria al orden natural y lógico de los hechos, contradictoria con sus propias manifestaciones y opuesta a la verdad y a la lógica. Ese testigo, único que presentó la parte demandada, fué Mr. Hudson, primer oficial del vapor en la fecha en que ocurrió el accidente y encargado entonces de que todas las partes de mecánica del barco estuvieran en perfecto orden y, después de haber examinado detenidamente su declaración, no podemos convenir con las apreciaciones que de ella hace la parte apelante. El mero hecho de que dicho testigo estuviera encargado de conservar en buen estado los cuarteles y las galeotas del barco no lleva a la conclusión de que necesariamente tenía que mentir y que hubiera de prescindirse de su declaración por lo que la corte inferior no cometió error al dar crédito a su declaración y al basarse en ella para fundar la sentencia absolutoria que dictó.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.